IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 10-00101-KD-C |
| | ) |
| DENNIS JERMAINE McMILLIAN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the motion for early termination of supervised release filed by Defendant Dennis Jermain McMillian. (Doc. 227). The motion was heard on April 29, 2025. Present at the hearing were McMillian, Assistant United States Attorney Gloria Bedwell, and United States Probation Officer Ralph Goodwin. Upon consideration, for the reasons set forth herein, and as more specifically set forth in the record, the motion is **GRANTED**. Accordingly, McMillian's supervised release term ("SRT") is terminated.

The background relevant to McMillian's motion is set forth in a previous order from the Court. (Doc. 228). There, the Court ordered the United States to respond to McMillian's motion and set a hearing for April 29, 2025. (Id.).

Before the hearing, the United States filed its response in opposition to the motion—largely based on the seriousness of McMillian's offense and McMillian's history with drugs. (Doc. 231). At the hearing, the Court heard from both the United States and the United States Probation Office ("USPO") regarding McMillian's motion. The USPO confirmed that McMillian meets the criteria for a presumption in favor of recommending early termination of his SRT. The United States provided no additional reasons for its opposition besides the reasons articulated in its response.

A district court may terminate a term of supervised release "at any time after one year of

supervised release has expired, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Before terminating a term of supervised release, however, the district court must consider the relevant factors in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

> The relevant § 3553(a) factors are: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any pertinent policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution.

United States v. Cordero, 7 F. 4th 1058, 1069 (11th Cir. 2021) (citing 18 U.S.C. § 3553(a)(1), (2)(B)–(D), (4)–(7)).

Here, McMillian has completed over seven years of his eight-year term of supervision. After considering the relevant factors, the Court finds that early termination of McMillian's SRT is warranted. Apart from one notice of noncompliance in 2018, McMillian has displayed good behavior and has made significant progress to contribute to society. The USPO has verified that McMillian has maintained a good attitude and owns an automotive interior shop. Although the Court recognizes that McMillian has committed serious offenses in the past, McMillian's conduct while released and the interest of justice satisfy the Court that early termination is warranted. See 18 U.S.C. § 3583(e)(1).

**DONE** and **ORDERED** this the **29th** day of **April 2025**.

/s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**